Matter of Bakshi (2019 NY Slip Op 05340)





Matter of Bakshi


2019 NY Slip Op 05340


Decided on July 2, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Rosalyn H. Richter
Peter Tom
Ellen Gesmer
Peter H. Moulton, Justices.


M-2409

[*1]In the Matter of Lara C. Bakshi, (admitted as Lara Chandana Bakshi), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lara C. Bakshi, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lara C. Bakshi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 17, 2010.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent



PER CURIAM.


Respondent Lara C. Bakshi was admitted to the practice of law in the State of New York by the Second Judicial Department on November 17, 2010, under the name Lara Chandana Bakshi. Respondent's last registered address with the Office of Court Administration was within the Second Department, although OCA records indicate that her attorney registration is delinquent for the 2018-2019 biennial registration period.
By an application submitted on respondent's behalf by counsel, she seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b) immediately suspending her from the practice of law until further order of this Court on the grounds that she is currently incapacitated from practicing law, and staying the Attorney Grievance Committee's pending investigation of her. The Attorney Grievance Committee does not oppose the application.
Respondent appeared before the Attorney Grievance Committee on August 23, 2018 for an examination under oath in response to a 2017 disciplinary complaint. Her testimony reflected an extended history of substance abuse, including her use of crystal methamphetamine, and that she had recently relapsed. Respondent subsequently consented to being evaluated by a forensic psychiatrist.
Counsel's letter application seeking suspension was accompanied by a report by a forensic psychiatrist dated March 13, 2019, prepared on the basis of four and one-half hours of interviews with respondent during December 2018 and January 2019. The report reflects that the reporting psychiatrist also reviewed prior psychiatric records and documentation relating to prior disciplinary complaints against respondent as well as his discussion with respondent's current treating psychiatrist. These materials, as cited and summarized in the forensic report, support the reporting psychiatrist's conclusion to a reasonable degree of psychiatric certainty that respondent suffers from a number of specified psychiatric disorders with accompanying behavioral manifestations and as a result is currently incapacitated from continuing to practice law and cannot be relied on to represent clients or to perform the functions of a lawyer in compliance with 22 NYCRR Part 1200.
Respondent's attorney states in his letter application submitted on respondent's behalf that respondent has reviewed the psychiatric report, which she discussed with her present treating psychiatrist, and that respondent communicated to counsel that she agrees with the assessment set forth in the report. Counsel further relates that respondent evinces the hope that she can seek reinstatement after she obtains sufficient mental health treatment, but presently requests that she be suspended from practice and that the pending disciplinary investigation be stayed until such time.
Respondent has presented sufficient medical evidence that she is incapacitated from continuing to practice law at this time and that her suspension, effective immediately, is warranted pursuant to 22 NYCRR 1240.14(b), which should be concurrent with a stay of the pending disciplinary investigation (Matter of Nagel, 161 AD3d 95 [1st Dept 2018]) and until further order of this Court. The forensic psychiatric report relates that respondent continues to be a regular user of marijuana, fails to adhere to a sober lifestyle, only sporadically complies with outpatient psychiatric treatment, and that she is not participating in a substance abuse treatment program. Hence, as a condition of staying the disciplinary investigation, respondent should be directed to enroll and participate in the Lawyer's Assistance Program for one year, and that she successfully complete its counseling program within that time frame, with the Lawyer's Assistance Program to monitor her participation and report back to the Attorney Grievance Committee every six months.
All concur.
Order filed. [July 2, 2019]
The motion is granted and respondent is suspended from the practice of law in the State [*2]of New York pursuant to 22 NYCRR 1240.14(b), concurrent with a stay of the pending disciplinary investigation, effective immediately and until further order of this Court. As a condition of the stay of the disciplinary investigation, respondent must enroll in and successfully complete the Lawyer's Assistance Program (LAP) for one year, and respondent's LAP monitor is to submit a report to the Attorney Grievance Committee for the First Judicial Department every six months during that one year period.